IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR380** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **GABRIEL FREEMONT,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 27). The government has adopted the PSR. (Filing No. 26.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to ¶ 95 stating that restitution in the amount of $32,541.54 shall be paid to the Winnebago Indian Health Services ("IHS"). The Defendant argues that IHS is not a person directly or proximately harmed by the commission of the offense and is not entitled to restitution under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663(a)(1)(B)(2).

The Defendant agreed in his plea agreement and at the change of plea hearing to pay restitution to "any" victim of the offense. The PSR states that the amount in question was paid out by IHS to various medical facilities that provided services to the victim of the offense. In *United States v. Sunrhodes,* 831 F.2d 1537, 1545-56 (10th Cir. 1987), the Tenth Circuit affirmed an order of restitution to an Indian Health Service under the Victim

and Witness Protection Act, 18 U.S.C. § 3579(a)(1) (1982) (repealed).  The offense of conviction was assault on an Indian in Indian country with intent to do bodily harm.  The court reasoned:

> The statute does not define the term "victim," but courts have granted restitution to "nonhuman entities such as the government and corporate institutions."  For a victim to receive restitution, the Act does not require that the defendant be convicted on a count pertaining to that victim, but only "that the victim must have suffered a loss as a result of the offense charged."  Moreover the legislative history also supports an award of restitution to an institution in the position of the Indian Health Service.  The term "victim" has been held to include an insurer of an automobile burned during a robbery.

*Id.*

Analogizing former § 3579(a)(1) to § 3663(a)(1)(B)(2), this case involving an assault on an Indian with a dangerous weapon in Indian country resulting in serious bodily injury is similar to the case presented to the 10th Circuit.  The Court concurs with the Tenth Circuit's analysis, applies that same analysis to the present circumstances, and concludes that an order of restitution is proper under § 3663(a)(1)(B)(2) to the Winnebago Indian Health Services.

The Defendant also argues that the Defendant lacks the financial resources to pay the full amount, and therefore he requests the opportunity to make nominal periodic payments to the victim while on supervised release.  That request is granted, and the Probation Officer is asked to address the restitution payment in this manner (nominal monthly payments) in the sentencing recommendation.

IT IS ORDERED:

1.   The Defendant's Objections to the Presentence Investigation Report (Filing No. 27) are granted in part and denied in part as follows:

2

   a. The Winnebago Indian Health Services is entitled to restitution pursuant to 18 U.S.C. § 3663(a)(1)(B)(2);

   b. The Defendant will be allowed to pay the restitution by making nominal monthly payments.

  2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

  3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

  4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

  5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

  DATED this 3rd day of April, 2006.

        BY THE COURT:

        s/Laurie Smith Camp
        United States District Judge